**TIAN SHUN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–40949–ag.**

United States Court of Appeals, Second Circuit.

Aug. 20, 2007.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Sharon L. Potter, United States Attorney, Rita R. Valdrini, Assistant United States Attorney, Northern District of West Virginia, Wheeling, WV, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Tian Shun Chen, a native and citizen of the People's Republic of China, seeks review of an October 23, 2003, order of the BIA affirming the February 21, 2002, decision of Immigration Judge ("IJ") Victoria Ghartey denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tian Shun Chen,* No. A73 650 087 (B.I.A. Oct. 23, 2003), *aff'g* No. A73 650 087 (Immig. Ct. N.Y. City Feb. 21, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, insofar as the BIA conducted an "independent review of the record," we construe its decision as having rejected the IJ's reasoning in all respects, despite the fact that it reached the same result. Although the BIA is no longer able to engage in *de novo* review of an IJ's decision, at the time the appeal in this case was filed with the BIA, such review was not impermissible.[1] When the

---

1. For all appeals filed after September 25, 2002, the BIA is no longer permitted to engage in *de novo* review of an IJ's factual findings. *See Fen Yong Chen v. BCIS,* 470 F.3d 509, 513–514 (2d Cir.2006); *see also* 8 C.F.R. §§ 1003.1(d)(3)(i), 1003.3(f); *In re S–H–,* 23 I. & N. Dec. 462, 466 (B.I.A.2002) ("Under the new regulatory provisions, the Board will not engage in *de novo* review of findings of fact determined by an Immigra-

tion Judge in any case in which the appeal is filed on or after September 25, 2002."). Rather, "[f]acts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i). Regardless, Chen's appeal to the BIA was filed in March 2002.

BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we do not consider Chen's claimed fear of persecution based on his illegal departure, because he has failed to argue the matter before this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

Here, the BIA properly denied Chen's claims for relief because he failed to submit proof that his wife was forcibly sterilized. When deciding a claim for asylum and related relief, the agency must first determine whether an applicant is credible, followed by whether the applicant has met his or her burden of proof. *See Diallo,* 232 F.3d at 290. Even when an applicant is credible, a failure to corroborate a claim may lead to a denial based on the insufficiency of the evidence, *see Diallo,* 232 F.3d at 287, but the agency should first identify the particular pieces of missing, relevant evidence, and show that this evidence is reasonably available to the applicant. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir. 2003). The agency's determination that a particular piece of corroborating evidence is available to the applicant (and thus whether it should "reasonably be expected") is a finding of fact to which we defer under the substantial evidence standard. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 563, 568 (2d Cir.2006).

The BIA reasoned that because Chen had a significant period of time to prepare his case, and had been in contact with his wife, the expectation of a statement from her was reasonable. This finding is supported by substantial evidence. Chen submitted his asylum application in August 1994, and his individual hearing was conducted in February 2002, indicating that he had more than seven years to prepare his case. Chen testified that after he came to the United States, he communicated with his wife, and she sent him documents from China. Chen's testimony thus indicates that a statement from his wife was reasonably available, and nothing in the record indicates otherwise. While in some cases, credible asylum applicants should be afforded an opportunity to "explain" the absence of corroboration, *Cao He Lin,* 428 F.3d at 394–95, that concern is not present here. A statement from Chen's wife was essential to corroborate his asylum claim, which was largely dependent on her alleged forced sterilization. Because a statement from his wife is a "dramatic" piece of evidence that was obviously needed in his case, the BIA did not err in making this finding. *Cf. Ming Shi Xue v. B.I.A.,* 439 F.3d 111, 122 (2d Cir.2006)

(stating in dicta that an asylum applicant need not be afforded an opportunity to explain an "inconsistency that is 'dramatic' or obvious on its face"). Moreover, neither Chen's own testimony nor any of the documents that he submitted supports his assertion that his wife was "forcibly" sterilized. Therefore, the BIA properly found that Chen failed to meet his burden of proof.

Chen asserts that he is from Fujian Province and has two children, which may be a basis for asylum eligibility. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006). However, given our recent decision in *Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007), we do not find it necessary for the BIA to address the documents referenced in *Shou Yung Guo* and its successor cases because those documents are not in the administrative record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).